[Civ. No. 4042. Third Appellate District.—May 7, 1930.]

ALFRED PHILLIPS, Respondent, v. ALFRED H. KINGHAM, Appellant.

Nilon, Hennessy & Kelly for Appellant.

E. H. Armstrong for Respondent.

FINCH, P. J.—The plaintiff sold and delivered to the defendant a new automobile at the price of $1800 and agreed to accept a second-hand automobile as payment on the purchase price in the amount of $950, the remainder being paid in cash. The defendant was unable to transfer the old automobile to the plaintiff because a finance company held title thereto and the certificate of ownership thereof, it having held the title and certificate at the time the defendant purchased such automobile and at all times thereafter. Upon the defendant's failure to make the transfer the plaintiff brought this action to recover $950, the sum for which the plaintiff had agreed to accept the old automobile in payment on the price of the new. The jury returned a verdict in favor of the defendant and, on motion of the plaintiff, the court granted a new trial on the ground of insufficiency of the evidence to warrant the verdict. The defendant has appealed from the order granting a new trial.

"The trial court is not bound by the rule of conflicting evidence as is the appellate tribunal; nor is it bound by the finding of the jury in passing upon a motion for a new trial on the ground of insufficiency of evidence to justify the verdict, if there is sufficient evidence to sustain a contrary finding." (20 Cal. Jur. 111.)

To review and comment at length on the evidence in this case might tend to prejudice the rights of the parties in the retrial thereof. It is deemed sufficient to say that the plaintiff testified that the defendant, at the time of the transaction in question, agreed to procure the certificate of ownership of the second-hand automobile and transfer it to the plaintiff. While it is true that the defendant denied this testimony and testified to facts tending to excuse him from delivering the certificate to the plaintiff, the trial court has resolved this conflict in favor of the plaintiff, and such determination is conclusive on appeal.

The order is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.